**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Thomas Lee Kennedy | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No.: 2:07-138-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Thomas Lee Kennedy, ("Petitioner" or "Kennedy") a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). The Government has filed a motion to dismiss, or in the alternative a motion for summary judgment. The Court has thoroughly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing or oral argument. For the reasons that follow, the Court denies Petitioner's motion to vacate and grants the Government's motion for summary judgment.

**BACKGROUND**

On February 14, 2007 the Grand Jury returned a three count indictment against Kennedy. Count one charges that on or about August 9, 2006, in the District of South Carolina, the defendant knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of cocaine, a quantity of cocaine base (commonly known as "crack" cocaine), and a quantity of methamphetamine, all Schedule II controlled substances; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Count Two charges that on or about August 9, 2006, in

1

the District of South Carolina, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, that is, a Rhom .22 caliber pistol, which had been shipped and transported in interstate and foreign commerce; in violation of Title 18, United States Code, Sections 922(g), 924(a), and 924(e). Count Three charges that on or about August 9, 2006, in the District of South Carolina, the defendant knowingly did possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States; in violation of Title 18, United States Code, Section 924(c)(1).

On April 10, 2007, Petitioner pled guilty to counts one and three of the indictment. At the time of his guilty plea, Petitioner was represented by John Robert Haley, Assistant Federal Public Defender. New counsel, G. Wells Dickson, Jr., was appointed for sentencing. On September 25, 2007, Petitioner was sentenced to 120 months incarceration for count one and 60 months incarceration for count three, to be served consecutively. The Court determined that Petitioner was a career offender within the meaning of U.S.S.G. § 4B1.1.[1] Petitioner's criminal record included three offenses which satisfied the guidelines requirement of "two prior felony convictions of . . . a crime of violence" for the career offender enhancement. Specifically, Petitioner's Presentence Investigation Report ("PSR") includes two convictions for second degree burglary and a one conviction of Assault and Battery of a High and Aggravated Nature ("ABHAN"). *See* PSR at ¶¶ 19, 21, 24 and 41.

Petitioner did not object to his classification as a career offender, nor did he appeal the 180

---

[1] U.S.S.G. § 4B1.1(a) outlines the criteria for the career offender enhancement:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2

month sentence. On April 10, 2008, Petitioner filed a motion to dismiss counsel of record, Mr. Dickson, and proceed *pro se*. Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside his 180 month sentence.

## STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991).

In applying this standard, the Court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that courts can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## ANALYSIS

Petitioner states five grounds in support of his motion to vacate. These are as summarized as follows:

(1) Petitioner's prior state convictions for second degree burglary of dwelling and

3

third degree burglary do not qualify as crimes of violence for the career offender enhancement.

(2) The documents used to sentence petitioner as a career offender failed to prove Petitioner admitted to the prior burglaries and also failed to prove Petitioner actively used a firearm.

(3) Defense counsel was ineffective in failing to object at sentencing and failing to appeal issues in above grounds one and two.

(4) South Carolina's common law crime of ABHAN is not categorically a crime of violence and thus cannot qualify Petitioner as a career offender.

(5) Trial counsel was ineffective for failing to object to, and raise by notice of direct appeal, the court and the PSR report's use of an ABHAN conviction to find that Petitioner qualified as a career offender.

The Government responds, in a motion for summary judgment, by arguing that Petitioner's grounds are meritless. Additionally, the Government asserts that Petitioner's motion to vacate is time barred and procedurally barred. For the reasons explained below the Court grants the Government's motion for summary judgment and denies Petitioner's motion to vacate.

## I. Time and Procedural Bar:

As an initial matter, Petitioner's motion is untimely and procedurally barred.

A one-year period of limitation applies to motions brought under §2255. This one year period begins to run from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f) (1)-(4).

Petitioner filed this motion on January 28, 2011.  "For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires." *Blakney v. United States*, 2011 WL 1113468, *2 (D.S.C. March 24, 2011)(citations omitted).  Petitioner never filed an appeal; therefore, his conviction became final more than a year before he filed his motion to vacate.   Therefore, unless § 2255 (f) (2), (3), or (4) applies, Petitioner's motion is time barred.

Petitioner does not allege any unlawful governmental action prevented him from filing a timely motion to vacate[2] or that he has come into newly discovered evidence.  Petitioner does argue that his motion to vacate is not time barred, because it is subject to a new rule of law.  Specifically, he argues that *Johnson v. United States,* 130 S.Ct. 1265 (2010), *United States v. Tucker*, 603 F.3d 264 (4th Cir 2010), *United States v. Bethea*, 603 F.3d 254 (4th Cir 2010), and *United States v. McFalls,* 592 F.3d 707 (6th Cir. 2010) satisfy the requirements of § 2255(f) (3).

---

[2] In his reply to the Government's motion for summary judgment, Petitioner arguably invokes § 2255(f) (2) and argues that the manner in which district courts have applied Fourth Circuit rulings has been an unlawful impediment to himself and others, preventing them from filing timing motions under § 2255:

>Petitioner "now" contends that by the district courts under the obligation to follow the Fourth Circuit's rulings and precedents have and continue to deny relief requested and warranted in numerous Prisoner's Pro-Se Petitions using "[United States v.]Begay[, 553 U.S. 137 (2008)] and [United States v.]Chambers[,129 S.Ct. 687 (2009)] " (to prove that their prior convictions utilized to enhance their Sentences were not crimes of violence) by the district courts and Fourth Circuit Court of Appeals ruling that Begay and Chambers have not been made retroactively applicable to collateral review motions by the U.S. Supreme Court nor the Fourth Circuit (as "New Rules of Constitutional Law" that would have reset the one year time limit to file a first or second § 2255 motion).

Pet.'s Resp. to the Government's Mot. for Summ. J. at 7 of 25 (emphasis in original).  Petitioner's precise argument is unclear.  However, the Court rejects any argument that lawfully rendered court holdings, even if incorrect, could be unlawful impediments to Petitioner filing a timely motion under § 2255.

Petitioner cannot invoke *Tucker*, *Bethea*, or *McFalls* to reset the one year limitation period, because none of those cases are a decision of the United States Supreme Court. *See e.g. Blakney*, 2011 WL 1113468 at * 3 (stating "[m]ost notably, the [] case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period").

Petitioner also relies upon the *Johnson* decision. As is discussed below, *Johnson* is inapplicable to Petitioner's motion to vacate. Because it is not applicable, it did not establish a new rule of law that would apply to the instant case. Therefore, Petitioner's motion to vacate is untimely.

In addition to Petitioner's motion to vacate being time barred, his claims are barred because non-constitutional claims that could have been raised on appeal, but were not, usually may not be asserted in collateral proceedings. *See United States v. Emanual*, 869 F.2d 795, 796 (4th Cir. 1989) (holding that a §2255 petition was not properly before the before the court when the petitioner only raised a non-constitutional issue that he could have appealed). The Supreme Court has recognized an equitable exception to the bar when a habeas petitioner can demonstrate "(1) 'cause' that excuses his procedural default and 'actual prejudice' resulting from the alleged error, or (2) 'actual innocence' and that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *See United States v. Green*, 2010 WL 5141661, *3 (D.S.C. Dec. 10, 2010) (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir.1994); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

In the instant matter, Petitioner could have challenged the Court's classification of him as a career offender at his sentencing and on direct appeal, and because he did not do so, his challenge

6

is barred unless he satisfied the requirements of the equitable exception.

Petitioner has failed to establish cause that excuses his procedural default coupled with actual prejudice resulting from the alleged error. "'[A] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search,' and here, the facts underlying [the petitioner's] challenges . . . were available at [the petitioner's] sentencing. *United States v. Pettiford*, 612 F.3d 270, 281 (4th Cir. 2010) (quoting *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir.2001)). In this case, all of the facts related to Petitioner's classification as a career offender were available at the time of sentencing. Therefore, Petitioner cannot show cause that excuses his procedural default. Additionally, Petitioner cannot show actual prejudice, because as is discussed below, the Court properly sentenced Petitioner as a career offender under the guidelines.

Petitioner's claim also fails to establish actual innocence and that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. Petitioner claims he is "factually innocent" of the legal requirement for sentence enhancement and that there will be a "miscarriage of justice" if his motion is barred by time or procedure. However, in order to fall under the exception, a petitioner who raises only a non-constitutional issue that could have been appealed must show actual innocence of the crime he for which was sentenced:

> a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Furthermore, the movant must show actual innocence by clear and convincing evidence.

*Pettiford*, 612 F.3d at 282 (internal quotations and citation omitted). In this case, Petitioner's claim that his prior convictions do not satisfy the criteria for him to have been sentenced as a career offender not a claim of actual innocence. He does not claim he is innocent of the crime for which

7

he was sentenced or that he is actually innocent of the predicate offenses. As such, Petitioner has failed to make a showing of actual innocence.

Even if Petitioner was able to show actual innocence, he cannot not show a miscarriage of justice. Petitioner merely claims that the Court made an error in its application of the guidelines. Such an error, even if supported by the record would not result in a miscarriage of justice required for Petitioner to argue the point for the first time on collateral attack. In *Green,* the court addressed the issue:

> Even assuming *arguendo*, that the Petitioner's sentence was erroneously enhanced based on his 2001 ABHAN conviction, the Petitioner cannot meet the fundamental miscarriage of justice standard. The increase in the Petitioner's advisory guidelines range pursuant to U.S.S.G. § 2K2.1(a)(2) does not amount to a fundamental miscarriage of justice.

2010 WL 5141661 at *4. Therefore, Petitioner has failed to show not only actual innocence, but also a miscarriage of justice.

## II. **Petitioner's Grounds for Relief:**

Even if Petitioner's claims were timely and not otherwise barred, the grounds stated by Petitioner do not entitle him to relief.

### (a) **Second Degree Burglary:**

In Ground I Petitioner argues that his prior convictions of second degree burglary do not qualify as "crimes of violence" for the purpose of sentence enhancement in U.S.S.G. § 4B1.1.[3] Petitioner had previously pleaded to two counts of second degree burglary within the state of South Carolina. Petitioner argues that these convictions should not have been classified as "crimes of

---

[3] Petitioner states in his grounds that neither second degree burglary of dwelling and third degree burglary qualified as crimes of violence. However, the court only addresses his convictions for second degree burglary, because although he was previously convicted of third degree burglary, that conviction was not used as a predicate offense to the sentencing enhancement. *See* PSR at ¶¶ 19, 20, & 21.

8

violence" for the purpose of federal sentencing as they are not categorically "crimes of violence." These crimes, as committed and pleaded to by the petitioner, do not qualify categorically as a "crime of violence" under the guidelines. *See United States v. McFalls,* 592 F.3d 707, 712 (6th Cir. 2010) (South Carolina's broad definition of "dwelling" allows second degree burglary to fall outside of the definition of a "crime of violence"). However, "[i]n those cases where the state statute is categorically overbroad-that is, where it is evident from the statutory definition of the state crime that some violations of the statute are 'crimes of violence' and others are not-we apply what sometimes is referred to as the 'modified' categorical approach." *United States v. Diaz-Ibarra,* 522 F.3d 343, 348 (4th Cir. 2008). The Fourth Circuit has used the "modified categorical approach" in Guideline cases to examine an offense that can be committed in multiple ways, some of which are violent and some of which are not. *See id.* For purposes of determining if the offense is one that qualifies as a violent crime the "modified" categorical approach, requires the court to "determine whether a defendant's specific conduct qualifies as a 'crime of violence' by looking 'to the terms of the charging document' and, if necessary in a nonjury case, to 'the terms of a plea agreement,' the 'transcript of colloquy between judge and defendant,' or 'some comparable judicial record' revealing the 'factual basis for the plea.'" *Id.* at 349 (*quoting Shepard v. United States,* 544 U.S. 13, 26 (2005)). Thus, an analysis of the Petitioner's prior convictions and of the pre-sentence reports is appropriate for the purpose of sentencing in this instance. Petitioner's pre-sentence report indicates that the burglaries occurred in places of habitation and thus qualify as "crimes of violence." *See* PSR at ¶ 19 & 21. Because the records used by the Court show that both of Petitioner's second degree burglary convictions involved a place of habitation, the Court properly found that those convictions were "crimes of violence."

**(b) *Shepard* Documents:**

In addition to arguing that Petitioner's convictions for second degree burglary could not qualify as crimes of violence under *McFalls*, Petitioner argues in Ground II that even if the modified categorical approach was appropriate, the documents used to sentence Petitioner as a career offender failed to prove Petitioner admitted to the prior burglaries and also failed to prove Petitioner actively used a firearm.[4]

As is stated above, when using the modified categorical approach, courts "determine whether a defendant's specific conduct qualifies as a 'crime of violence' by looking 'to the terms of the charging document' and, if necessary in a nonjury case, to 'the terms of a plea agreement,' the 'transcript of colloquy between judge and defendant,' or 'some comparable judicial record' revealing the 'factual basis for the plea.'" *Diaz-Ibarra,* 522 F.3d at 349 (quoting *Shepard*, 544 U.S. at 26). "In *Shepard*, the Supreme Court confirmed that the limits on the type of evidence that we may consider under the 'modified' categorical approach are of constitutional dimension: they prevent appellate courts from usurping the jury's role (and thus violating the defendant's Sixth Amendment rights) by finding facts about a past crime under the guise of determining the nature of the crime." *Id.* (citing *Shepard*, 544 U.S. at 24-26).

In this case, the pre-sentence report states that in each of Petitioner's prior convictions for second degree burglary the indictment indicated that Petitioner unlawfully entered into a dwelling. The summary of one conviction notes that "[t]he Indictments reflects that Thomas Lee Kennedy did in Georgetown County, on or about August 24, 2001, enter the residence of Tammy Thatcher,

---

[4] The prior second degree burglaries were used as predicate offenses qualifying Petitioner as a career offender under U.S.S.G. § 4B1.1.  Because, Petitioner was sentenced as a career offender, rather than an armed career offender, the guidelines did not require, nor did the Court find, that Petitioner "actively used a firearm."   As such, the Court only addresses whether or not the documents used to prove Petitioner admitted to the prior burglaries and sentence Petitioner as a career offender complied with *Shepard*.

10

without her consent and with intent to commit a crime therein." PSR at ¶ 19. The summary of the other predicate offense notes that "[t]he Indictment reflects that Thomas Kennedy did in Georgetown County, on or about February 20, 2002, willfully and unlawfully enter the dwelling of Phillip Poste, without consent of the owner and with intent to commit a crime therein." PSR at ¶ 21. Because the court relied on the charging documents, as allowed by *Shepard*, Petitioner's argument as to the documents used to prove his prior convictions fails.

### (c) ABHAN:

In Ground IV, Petitioner argues that his prior conviction of ABHAN should not be classified as a "crime of violence" for the purposes of sentence enhancement. Petitioner bases this argument on *Johnson v. United States,* 130 S.Ct. 1265 (2010). In that case, the defendant's sentence was enhanced under the Armed Career Criminal Act ("ACCA").[5] *Id.* at 1269. At sentencing, the defendant objected to his 2003 battery conviction being used as one of the three predicate offenses for the ACCA enhancement. *Id.* at 1268. "That conviction was for simple battery under Florida law, which ordinarily is a first-degree misdemeanor, Fla. Stat § 784.03(1)(b), but is a third-degree felony for a defendant who (like Johnson) has been convicted of battery (even simple battery) before, §784.03(2)." *Id.* at 1268-69. The Court held Johnson's prior battery conviction was not a violent felony within the meaning of 18 U.S.C. §924(e)(2)(B)(i) .[6]

---

[5] The ACCA is not identical to the career offender enhancement in the guidelines, U.S.S.G. § 4B1.1, used in Petitioner's case. The ACCA is a distinct statutory enhancement for armed career offenders. 18 U.S.C. §924(e)(1), provides the requirements for that enhancement:

> In the case of a person who violates section 922 (g) of this title and has three previous convictions by any court referred to in section 922 (g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922 (g).

[6] 18 U.S.C. §924(e)(2)(B)(i) defines "violent felony" as "any crime punishable by imprisonment for a term

11

Specifically, after noting that "the Florida Supreme Court has held that the element of 'actually and intentionally' touching under Florida's battery law is satisfied by *any* intentional contact, 'no matter how slight,'" *id.* at 1269-70 (citing *State v. Hearns*, 961 So.2d 211, 218 (Fla. 2007), the Court held that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force - that is, force capable of causing physical pain or injury to another person. *Id.* at 1271 (citation omitted). Because the Court held that Johnson's 2003 battery conviction was not a "violent felony" under the ACCA, the Court reversed the district court's enhanced sentence.

In this case Petitioner attempts to analogize his situation to *Johnson.* However, his prior battery conviction was not a conviction under the Florida Statute at issue in *Johnson*. As such *Johnson* does not recognize or create any right as to Petitioner's case. Johnson provides an additional example of a state court offense that is not categorically a crime of violence.

However, *McFalls* is more instructive as to Petitioner's case, because both *McFalls* and Petitioner's case involved convictions of South Carolina's ABHAN statute qualifying as predicate offenses to the career offender enhancement under the guidelines. In *McFalls*, the court held that South Carolina's ABHAN statute was not categorically a crime of violence, "because ABHAN applies not only to intentional conduct, but also to reckless conduct." *McFall's*, 592 F.3d at 716. Therefore, because ABHAN convictions in South Carolina are cases "where the state statute is categorically overbroad-that is, where it is evident from the statutory definition of the state crime that some violations of the statute are 'crimes of violence' and others are not-we apply" the "modified" categorical approach. *Diaz-Ibarra,* 522 F.3d at 348. The "modified" categorical

---

exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."

approach, requires the court to "determine whether a defendant's specific conduct qualifies as a 'crime of violence' by looking 'to the terms of the charging document' and, if necessary in a nonjury case, to 'the terms of a plea agreement,' the 'transcript of colloquy between judge and defendant,' or 'some comparable judicial record' revealing the 'factual basis for the plea.'" *Id.* at 349 (*quoting Shepard v. United States,* 544 U.S. 13, 26 (2005)).

In this case the PSR states that "[r]ecords reflect that on November 29, 2004, Kennedy did willfully and unlawfully go to the residence of Roger D. Ackerman, and assaulted Ackerman by hitting him with his closed fist and kicking him."  PSR at ¶ 24. Therefore, as the judicial record below provided the Court with the factual basis for the Petitioner's ABHAN plea and those facts show willful rather than reckless activity, the Court's enhancement of petitioner's sentence was appropriate and in accordance with the federal sentencing guidelines.  Additionally, even if Petitioner's ABHAN conviction was not properly used as a crime of violence, Petitioner's two prior convictions for second degree burglary were sufficient in this case to satisfy the guidelines requirement for a defendant to be classified as a career offender.

### (d) Ineffective assistance of counsel:

In Grounds III, and V, Petitioner claims his counsel was ineffective for failing to object at sentencing and for failing to appeal the classification of petitioner's prior convictions as "crimes of violence" for purposes of the sentence enhancement.

The Sixth Amendment of the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel")(citations omitted).  In order to successfully challenge a conviction based on ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance

was deficient and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to satisfy the first prong of the *Strickland* test, the petitioner must show "that counsel made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*.  A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance.  *Id.* at 689.   "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted).

In order to satisfy the second prong of *Strickland*, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.*  Petitioner has the burden of showing that trial counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

Petitioner argues that counsel was ineffective for failing to object to and raise by direct appeal the PSR's classification of the second degree burglary convictions as predicate offenses for Petitioner's classification as a career offender and that counsel was ineffective for failing to object to, and raise by direct appeal, the court and the PSR report's use of an ABHAN conviction to find that Petitioner qualified as a career offender.  Having already found that the Court properly determined that these prior convictions were "crimes of violence" sufficient to be predicate offenses under the guidelines, Counsel's failure to object was clearly not deficient.  Furthermore,

14

because the Court properly determined the guidelines and Petitioner's status as a career offender, Petitioner could not have been prejudiced by counsel's performance.

## CONCLUSION

Based on the foregoing, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DENIED.** It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 8, 2011**
**Charleston, SC**